## Shirley Gas Coal Corporation, Appellant, v. Old Furnace Coal Co. et al.

Argued May 22, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Wm. A. McConnel,* with him *Swaney & Lucas,* for appellant.

*Thompson Bradshaw,* of *Bradshaw, McCreary & Reed,* for appellee.

PER CURIAM, June 24, 1940:

Appellant, Shirley Gas Coal Corporation, appeals from the refusal by the court below, after final hearing, of an injunction sought by it, restraining appellees, Old Furnace Coal Company et al., from trespassing upon and from stripping, mining and removing coal from a tract of land of which appellant claimed to be owner. An accounting for any coal mined and removed from the property in question was also prayed for.

The only question before us on this appeal is whether the evidence justifies the interpretation placed by the court below upon a latently ambiguous reservation of "approximately fifteen (15) acres of land lying west of a slough and upon which is located at the present time thirteen (13) summer cottages and a polo field," appearing in a lease of coal lands, dated March 25, 1935, from the appellant corporation's predecessor in title to one J. C. Irwin who subsequently assigned to Old Furnace Coal Company, appellee.

The learned chancellor found that it was the polo field which had been abandoned prior to the execution of the lease and which was admittedly the polo field referred to in the immediately preceding paragraph of the lease agreement, wherein the leased premises were described as beginning "at a culvert on the south side of the polo grounds owned by first parties," which was intended to be embraced within the reservation, and not, as appellant contends, the ground which was in use as a polo field at the time of execution of the lease agreement. Thus construing the reservation, the chancellor refused the relief prayed for.

As our review of the record shows that this finding, which was affirmed by the court in banc, is well supported and entirely justified by the evidence, we are required, in accordance with the settled rule in such instances, to overrule appellant's assignments of error and affirm the decree appealed from.

Decree affirmed. Costs to be paid by appellant.